UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Daryl L. Shackelford and      Case No. 21-41862-MAR
Nicol M. Selmon-Shackelford,      Chapter 7
    Hon. Mark A. Randon

            Debtors.
_____/

# ORDER (1) APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS WITH ALL LIENS, CLAIMS, AND INTERESTS ATTACHING TO THE PROCEEDS OF SALE; AND (2) APPROVING REAL ESTATE BROKER'S FEE

This matter is before the Court on the motion ("Motion") of Chapter 7 Trustee Karen E. Evangelista ("Trustee") to sell real property located in the Township of Redford, County of Wayne, State of Michigan, described as—

> Lot 38, and 1/2 of the vacated alley in the rear thereof of the North 18.0 feet of Lot 38, HERNDON'S DEARFORD-TELEGRAPH SUBDIVISION, as recorded in Liber 49, Page 22 of Plats, Wayne County Records
>
> More commonly known as: 8836 Woodbine, Redford, MI 48239
> Parcel ID Number: 79-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-000

(the "Woodbine Property"). All parties in interest were served with notice of the motion, and no objections were timely filed. The Court finds good cause to enter this order.

IT IS ORDERED as follows:

A.     The Motion is granted in its entirety.

B.     The proposed sale of the Woodbine Property for a purchase price of at least $190,000 is approved.

C. The Trustee may close the sale based on the offer made by Deanna Lomax or, if an auction is held, the Trustee will select the bid at the conclusion of the auction that the Trustee believes to be the highest or best value for the property and close with the selected bidder.

D. The Trustee may: a.) impose additional terms and conditions on the sale; b.) adjourn the auction; and c.) withdraw the property from the auction

E. The title company selected to close the sale contemplated by this order will accept this order as evidence that the Trustee is authorized to close a sale for at least $190,000 based solely on the Trustee's representations as to who the proper buyer is.

F. If an auction occurs, and Deanna Lomax is not the winning bidder, then Trustee may reimburse Ms. Lomax's out-of-pocket expenses, including mortgage application fees, inspection costs, and any other expenses incurred in connection with efforts to purchase the Woodbine property, in an amount not to exceed $500. Additional bidders will not receive reimbursement for any out-of-pocket expenses and assume the risk that they will not win at auction.

G. The Woodbine Property will transfer "as is, where is," and without representation or warranty, expressed or implied, of any kind, nature, or description, including, without limitation, any warranty of title or of merchantability, habitability, usability, or fitness for any particular purpose.

H. The Woodbine Property will be sold free and clear of all liens, claims, and interests with all such liens, claims, and interests attaching to the net proceeds of the sale to the same extent and having the same validity, priority, and enforceability as such interests had with respect to the Woodbine Property immediately before the sale. Any issue regarding the extent, validity, priority, and/or enforceability of any liens, claims, or interests against the Woodbine

Property with respect to the net proceeds of the sale will be determined by this court at a later date.

  I.  The real estate broker's commission of 6% of the purchase price is approved.

  J.  The following will be paid at closing—

- the loan payoff amount sufficient to satisfy in full the mortgage held by Ajax Mortgage Loan Trust 2021-F, Mortgage-Backed Securities, Series 2021-F, by U.S. Bank National Association, as Indenture Trustee, pursuant to a valid payoff requested in advance;

- the real estate broker's commission, which, based on the $190,000 offer, is $11,400;

- transfer taxes, property taxes, and assessments;

- title work; and

- costs of minor repairs and other expenses associated with selling the Woodbine Property, not to exceed $2,000.

  K.  The Trustee may execute all documents and agreements and perform such acts as may be necessary and appropriate to implement, effectuate, and consummate the sale.

  L.  This order may be recorded or filed with the Wayne County Register of Deeds as evidence that all liens and interests with respect to the Woodbine Property have been released and transferred to the proceeds.

  M.  All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this order.

  N.  The 14-day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect with respect to the sale, and this order is effective and enforceable immediately upon entry.

  O.  Deanna Lomax is deemed a good faith purchaser for purposes of 11 U.S.C. § 363(m).

P. Costs are assessed against the Debtors in the amount of $100 per day for every day that they remain in possession of the property after April 8, 2022, and such costs may be paid from the Debtors' exemption in the Woodbine Property.

Q. The Court shall retain jurisdiction to enforce the terms of this order.

**Signed on March 15, 2022**



/s/ Mark A. Randon
_____
Mark A. Randon
United States Bankruptcy Judge